SUCCESSION OF C. W. STAUFFER.   Opposition of KATE M. JONES et al.

APPEAL from the Parish Court of the parish of Natchitoches.

*Dissenting opinion of Mr. Justice Wyly:*

I cannot concur in the opinion rendered by the court in this case.

I understand from the pleadings and the admissions of the parties that this is simply a contest for the distribution of a certain fund in the hands of the administratrix of the succession of Cyrus W. Stauffer, which fund was derived from the sale of the individual property of the deceased and his share of the goods and assets of the partnership of Stauffer & Co. It is merely a contest of the creditors for the fund. The opponents allege in their petition " that the assets of said succession are composed principally of the partnership property and the proceeds thereof;" and they pray that the claim of the widow and minor may be rejected, " as a privilege upon the general funds or assets of the succession," and that it be restricted to the fund arising from the sale of the individual property.

The record shows that the property inventoried in Stauffer's succession consisted of his individual property and his share of the goods and assets belonging to Stauffer & Co., which were sold and which constitute the fund now to be distributed. Among the admissions in the record is the following:

." It ·is further admitted that there is no property belonging to

the succession of said C. W. Stauffer except that contained in the inventory."

The issue before the court then, is, not whether the fund in question belongs to Stauffer's succession—that has been admitted—but the contest is how shall the fund be distributed?

The administratrix offers her tableaux setting out the amount on hand derived from the sources aforesaid, and placing therein the claims and rank of the different creditors competing for the fund, viz.:

*First*—Succession creditors, such as court charges, expenses of last illness, and the widow and minor's claim against the succession for $1000, under act of 1852;

*Second*—Partnership creditors claiming a privilege on that part of the fund derived from sale of partnership assets;

*Third*—Ordinary creditors of the deceased.

The only question is, how shall these funds be distributed?

To which class of creditors shall they be paid; or which class shall have precedence on the tableaux?

Debts of a succession are of a higher dignity than those of the deceased and shall have preference. 10 L. 441; 3 M. 364.

The claim of the widow and minor is a succession debt. Stauffer owed them nothing. In like manner he owed nothing for funeral charges and court charges, but the succession owes them. The law has made the claim of the widow and minor a preference debt of the succession.

It only accrued when there was a succession, and its rank is fixed by law, which says: "the widow or legal representative of the children shall be entitled to demand and *receive from the succession of their deceased father or husband a sum*, which, added to the amount of property owned by either of them in their own right, will make up the sum of one thousand dollars, which amount *shall be paid in preference to all other debts, except those for the vendor's privilege and expenses incurred in selling the property.*"

The law has specially given the widow and minor's claim precedence over funeral charges, expenses of last illness and all other debts of the succession, except the vendor's claim and expenses of selling the property.

The general law of commercial partnership gives partnership creditors a privilege and pledge on the partnership assets.

Under this law the opponents, who are admitted to be partnership creditors, have a preference on that part of the fund which the succession derived from the sale of partnership assets. They are nevertheless creditors of the succession, whose claims have been allowed and who are now claiming preference on a certain fund, just as a mortgage creditor would claim a preference on a fund derived from the sale of the property covered by his mortgage.

The rights of the opponents rest merely upon commercial law.

The rights of the widow and minor are based upon a special statute enacted as late as seventeenth March, 1852.

This I regard as a modification of the commercial law so far as it affects the rank of partnership creditors competing with succession creditors for a certain fund belonging to a succession.

But whether it be a modification, in this regard, of the commercial law or not, the statute of the State has been enacted and we are bound to enforce it. It is plain and clear. The widow and minor *shall demand and receive from the succession of the deceased father or husband* the amount fixed in the statute *in preference to all other debts*, except that of the vendor and the expenses of selling the property.

The authorities relied on by the opponents relate to the right of the partner or his creditors in the partnership property. They show that neither the partner nor his creditors, of whatever rank, can take precedence over the partnership creditors.

But the claim of the widow and minor is a succession debt, and not the claim of heirs or creditors of the deceased partner. I do not think the case of the United States *v.* Baulos applies to this case. That was only a privilege claim against the partner.

The whole question turns upon the fact which I consider the parties have conceded, to wit: does the fund in dispute belong to the succession of Stauffer. Of this I have no doubt.

" Succession signifies the estate, rights and charges which a person leaves after his death, whether the property exceeds the charges or the charges exceed the property, or whether he has only left charges without property." Civil Code, 868.

Stauffer was individually or solidarily bound for all the debts of Stauffer & Co., and even without assets these alone would have constituted his succession.

I therefore consider that the fund in contest belongs to Stauffer's succession and should be applied to the claim of the widow and minor under the act of seventeenth March, 1852.

For the foregoing reasons I dissent from the opinion just rendered in this case.

NOTE—See opinion of the court reported at page 520.